JULIE ARIAS YOUNG (State Bar No. 168664)
jyoung@yzllp.com
KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@yzllp.com
YOUNG & ZINN LLP
1150 South Olive Street, Suite 1800
Los Angeles, California 90015
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendants
YALE UNIVERSITY (incorrectly sued as YALE SUMMER SESSION, YALE SCHOOL OF MANAGEMENT, and YALE LAW SCHOOL) and PETER SALOVEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Steven Yearwood,<br><br>Plaintiff,<br><br>vs.<br><br>Peter Salovey; Yale University; Yale Summer Session; Yale School of Management; and Yale Law School,<br><br>Defendants. | Case No. 2:20-cv-01698-PSG-PJW<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS YALE UNIVERSITY AND PETER SALOVEY TO DISMISS COMPLAINT**<br><br>[Filed concurrently with: Declaration of Karen J. Pazzani; Request For Judicial Notice; and Proposed Order]<br><br>Date: March 31, 2020<br>Time: 1:30 p.m.<br>Ctrm: 790<br><br>Action Filed: February 21, 2020 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2020, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Patrick J. Walsh, located at 255 E. Temple Street, Courtroom 790, 7th Floor, Los Angeles, California 90012, Defendants Yale University (erroneously sued as Yale Summer Session; Yale School of Management; and Yale Law School) and Peter Salovey ("Defendants") will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an order dismissing the Complaint filed by Steven Yearwood, on the ground that the Complaint fails to allege that Defendants are subject to personal jurisdiction in California and does not state a claim for relief.

Defendants make this motion following a February 20, 2020, conference between Defendants' counsel and Plaintiff, who is appearing pro se.

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file in this Action, such oral argument as this Court may request, and all other matters of which this Court may take notice.

DATED: February 28, 2020

JULIE ARIAS YOUNG
KAREN J. PAZZANI
YOUNG & ZINN LLP

By: /s/ Karen J. Pazzani
KAREN J. PAZZANI
Attorneys for Defendants
YALE UNIVERSITY and PETER SALOVEY

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................5

II. BACKGROUND ..................................................................................................5

III. ARGUMENT ........................................................................................................7

    A. Legal Standard .........................................................................................7

        1. Legal standard governing motion to dismiss for lack of personal jurisdiction. ...............................................................7

        2. Legal standard governing motion to dismiss for failure to state a claim. ..............................................................................7

    B. The Complaint Does Not Allege Facts Showing That Defendants Are Subject To Personal Jurisdiction In California ............................8

    C. The Complaint Does Not Comply With Rule 8(A)'S Pleading Requirements .............................................................................................9

IV. CONCLUSION ..................................................................................................12

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................... 7, 8, 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 7, 8, 10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .................................................................................................. 8

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
    905 F.3d 597 (9th Cir. 2018) ................................................................................... 7

*Henderson v. Felker*,
    2008 WL 619082 (E.D. Cal. Mar. 4, 2008) ........................................................ 11

*Lopez v. City of Newport Beach*,
    2017 WL 6033020 (C.D. Cal. Mar. 24, 2017) ................................................... 11

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ................................................................................... 9

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ................................................................................. 7

*Perez v. Unknown*,
    2018 WL 6025844 (C.D. Cal. Nov. 16, 2018) .................................................... 11

*Ramirez v. Nationstar Mortg. LLC*,
    2013 WL 1941787 (C.D. Cal. May 8, 2013) ...................................................... 11

*Sartin v. City of Pasadena*,
    2009 WL 2048923 (C.D. Cal. July 9, 2009) ....................................................... 11

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ................................................................................. 7

*Vernon v. United States Postal Serv.*,
    2016 WL 3024737 (C.D. Cal. May 24, 2016) .................................................... 11

*Walden v. Fiore*,
    571 U.S. 277 (2014) .............................................................................................. 8, 9

**Statutes**

Connecticut General Statutes § 53a-129a ................................................................................ 10

**Rules**

Fed. Rule of Civ. Proc. 8(a)(2) ............................................................................................. 7, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Steven Yearwood's Complaint lists no causes of action and offers no clear account of why he is suing the defendants, Yale University, and its President, Peter Salovey ("Defendants"). Indeed, the Complaint contains few, if any, allegations regarding *any* conduct by Defendants. Instead, the Complaint consists of vague allegations regarding events that "may or may not" have happened (Compl. ¶¶ 5, 11), "requests" for documents (*id.* ¶ 7), and descriptions of Plaintiff's various business ventures (*id.* ¶ 9–10). Because Plaintiff's Complaint does not identify any claims against Defendants, much less demonstrate that Defendants are subject to suit in California on those claims, the Complaint should be dismissed.

## II. BACKGROUND

Plaintiff filed this case in Los Angeles Superior Court on January 8, 2020, and Defendants removed the case to this Court on February 21, 2020. Notice of Removal, Dkt. No. 1. Plaintiff is a serial litigant who has filed at least 35 cases against various universities, financial institutions, and celebrities in just the last two years. *See* Compl. ¶ 16; Declaration Karen J. Pazzani in Support of Request for Judicial Notice ("Pazzani Decl."), Ex. A. As a result of these filings, Plaintiff was recently declared a vexatious litigant under California Code of Civil Procedure Section 391(b). Pazzani Decl., Ex. A. According to the Order declaring Plaintiff a vexatious litigant, Plaintiff admitted that he had filed cases he knew "lacked merit," "so that he could 'meet th[e] defendant,' for 'personal reasons.'" *Id.*[1]

---

[1] In a "Notice of Related Cases" filed in this action, Plaintiff asserts that this case is related to three cases he filed in Los Angeles Superior Court against the University of Southern California and some of its individual employees. Dkt. No. 9. Plaintiff appears to believe this case is related to his lawsuits against USC because Plaintiff purportedly "was sold to the Yale School of Management by Mary Peralta," an employee of USC. *Id.* at 2.

**YOUNG & ZINN LLP**
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

The Complaint in this case lists no causes of action against Defendants and offers no clear account of what, if anything, Plaintiff believes Defendants did wrong. The Complaint alleges that Plaintiff "attended Yale Summer Session in 2006" (Compl. ¶ 1), and that he "completed the Behavioral Economics Immersion program in 2016" as well as a "Global Financial Crisis course" (*id*. ¶¶ 3–4). Plaintiff does not allege that he was dissatisfied with these programs. To the contrary, the Complaint states that Plaintiff "believes Yale Summer Session is worth attending" (*id*. ¶ 2) and that he "is interested in continuing his studies at Yale University" (*id*. ¶ 20).

The Complaint also vaguely alleges that Plaintiff "may or may not have been a victim of identity theft because of his Yale University experiences." Compl. ¶ 11. But it does not say explicitly whether Plaintiff *was* a victim of identity theft or offer any facts suggesting that Defendants were responsible.

Similarly, the Complaint alleges that Plaintiff "may or may not have been erroneously persecuted by the Yale Law School community." Compl. ¶ 4. The Complaint does not say explicitly whether Plaintiff was, in fact, "persecuted"—only that he "may or may not have" been—and does not describe the alleged persecution, when it occurred, or who, specifically, Plaintiff believes was responsible. The Complaint also cryptically alleges that Plaintiff "is referred to as 'lab rat,' 'experiment,' and 'SOMbie' because of his experiences at Yale University." Compl. ¶ 6. The Complaint does not allege who referred to Plaintiff by these names or when the name calling took place, nor does it explain why Plaintiff believes Defendants are responsible.

While it is unclear from the Complaint's allegations, Plaintiff's objective appears to be to compel Defendants to "support" Plaintiff's business ventures. The Complaint states that Plaintiff filed the lawsuit because he feels he has received "inadequate support … from the University" (Compl. ¶ 8) and "is interested in

having [Yale University President] Peter Salovey as a co-founder for the[] ventures" described in the Complaint. Compl. ¶ 9.

### III. ARGUMENT

#### A. Legal Standard

##### 1. Legal standard governing motion to dismiss for lack of personal jurisdiction.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "To avoid dismissal, the plaintiff [must] demonstrate[e] that [hi]s allegations establish a prima facie showing of personal jurisdiction." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018).

##### 2. Legal standard governing motion to dismiss for failure to state a claim.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, the allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

subjected to the expense of discovery and continued litigation." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully"; "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### B. The Complaint Does Not Allege Facts Showing That Defendants Are Subject To Personal Jurisdiction in California

The allegations in Plaintiff's Complaint do not demonstrate any connection between the Defendants and California, and therefore do not establish that Defendants are subject to personal jurisdiction in this state.

There are two types of personal jurisdiction: "general jurisdiction," in which the defendant is so "at home" in the forum that a court may adjudicate claims against it even if those claims are entirely unrelated to the forum; and "specific jurisdiction," which permits a court to adjudicate claims against an out-of-state defendant if (but only if) "the defendant's suit-related conduct … create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 & n.6 (2014). The Complaint does not come close to alleging either type of jurisdiction.

As to general jurisdiction, the Complaint does not allege any connection between Defendants and California, and certainly does not allege that their connection is so substantial as to render them "at home" there. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014). And, as to specific jurisdiction, nothing in the Complaint suggests that any "suit-related conduct" of Defendants created a "substantial connection" to California. *Walden*, 571 U.S. at 284 & n.6. Indeed, the Complaint scarcely contains any allegations about *Defendants*' conduct at all, much

less conduct of Defendants in or directed at California. The most salient allegations in the Complaint are that Plaintiff allegedly attended one or more programs at Yale, and that he feels that the university has provided "inadequate support" for his business endeavors. These allegations are plainly insufficient to subject Defendants to personal jurisdiction in California. As the Supreme Court explained in *Walden v. Fiore*, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." 571 U.S. at 286 (emphasis added) (citation and internal quotation marks omitted). Put simply, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*.

Accordingly, the Court should dismiss the Complaint for lack of personal jurisdiction.

## C. The Complaint Does Not Comply with Rule 8(A)'S Pleading Requirements

Plaintiff's Complaint also fails to state a claim on which relief may be granted.

To comply with Federal Rule of Civil Procedure 8(a), a complaint must, at minimum, contain sufficient facts to allow a reader to "determine … who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v.* Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff's Complaint does not identify any claims against Defendants, nor does it plead any facts that could support a viable claim.

The Complaint does not specify what legal theories Plaintiff is pursuing against each defendant. Instead, the Complaint simply cites and/or quotes from various statutes, without any explanation of how the statutes might apply to the very few allegations in the Complaint. For example, Plaintiff quotes from the Connecticut Penal Code's definition of "identity theft." Compl. ¶ 15 (quoting

9
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Connecticut General Statutes § 53a-129a). But he does not allege any facts suggesting that Defendants were responsible for any identity theft, or even that his identity was actually stolen. Instead, he alleges only that he "may *or may not* have been a victim of identity theft as a result of his Yale University experiences." Compl. ¶ 11 (emphasis added). On its face, Plaintiff's allegation that it is merely *possible* he was a victim of identity theft is insufficient to satisfy Rule 8's plausibility requirement. Even if Plaintiff had alleged facts that were "merely consistent with" Defendants' liability (which he has not) it would still "'stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 557).

Similarly, Plaintiff vaguely alleges that "he may or may not have been erroneously persecuted by the Yale Law School community." Compl. ¶ 5. He does not allege that he was, in fact, "persecuted," only that he "may or may not have been," and therefore cannot possibly plead a "plausible" and not merely "possible" claim. Plaintiff also fails to allege what this "persecution" consisted of, when it occurred, who specifically was responsible, or what legal theory (if any) he is pursuing to redress it. Notably, the Complaint is devoid of any facts connecting Plaintiff to Yale Law School. Plaintiff does not, for example, allege that he applied to Yale Law School or attended classes there.

Plaintiff also alleges that he has been called "lab rat," "experiment," and "SOMbie," and attributes this name calling to his "experiences at Yale University." Compl. ¶ 6. However, Plaintiff does not identify the source of this purported name calling, or explain where or when it occurred or why he believes Defendants are responsible. More fundamentally, the Complaint does not identify any cause of action that could support civil liability for the relatively innocuous name calling he alleges.

Courts in this district regularly dismiss complaints where they do not provide "details regarding the factual background which gives rise to th[e] action" or where

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

"the Court cannot discern under what legal theory [the] claims arise." *Vernon v. United States Postal Serv.*, 2016 WL 3024737, at *1 (C.D. Cal. May 24, 2016); *see, e.g.*, *Lopez v. City of Newport Beach*, 2017 WL 6033020, at *1 (C.D. Cal. Mar. 24, 2017) (dismissing complaint where its "'statement of facts' section … consist[ed] of five vague, boilerplate paragraphs that do not provide a short and plain statement of anything related to a legal cause of action"); *Ramirez v. Nationstar Mortg. LLC*, 2013 WL 1941787, at *2 (C.D. Cal. May 8, 2013); *Sartin v. City of Pasadena*, 2009 WL 2048923, at *2 (C.D. Cal. July 9, 2009) (dismissing complaint that contained "conclusory statements of law with no indication of what acts constitute[d] the alleged wrongs that would entitle [plaintiff] to relief"). This Court should do so here.

That Plaintiff is proceeding *pro se* does not relieve him of his obligation to "allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, 2018 WL 6025844, at *2 (C.D. Cal. Nov. 16, 2018). "[T]he court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled." *Sartin*, 2009 WL 2048923, at *1 (quoting *Henderson v. Felker*, 2008 WL 619082 (E.D. Cal. Mar. 4, 2008)). Because Plaintiff's Complaint does not identify any claims against Defendants, much less support the essential elements of claims, the Complaint must be dismissed.

///
///
///

## IV. CONCLUSION

Defendants respectfully request that the Court grant this Motion in its entirety and dismiss the Complaint.

DATED: February 28, 2020

JULIE ARIAS YOUNG
KAREN J. PAZZANI
YOUNG & ZINN LLP

By: /s/ Karen J. Pazzani
KAREN J. PAZZANI
Attorneys for Defendants
YALE UNIVERSITY and PETER SALOVEY